Fisher v. Stone.

RICHARD FISHER, plaintiff in error, v. ANDREW STONE,
defendant in error.

*Error to Fulton.*

A bill in chancery may be dismissed, on motion, where it is manifest there is no equity
    in the bill; not where there is equity, but defectively set forth.
Where a bill for a writ of *ne exeat republica*, set forth that the defendant was indebted
    to the plaintiff in the sum of $70; that judgment had been recovered against
    him, for that amount, before a justice of the peace, and the defendant had appealed
    the cause to the Circuit Court.   That the surety in the appeal bond was one H,
    who subsequently to the taking of the appeal, had become insolvent, and left the
    State; and that the defendant threatened to do the same, and was about to depart
    and remove into some distant country, &c.: *Held*, that the bill showed sufficient
    equity on its face, and that it was error to dismiss the bill on motion.
*Semble,* That the bill was defective in not showing that the defendant was about to
    remove his property, but that this defect could be remedied by amendment, after
    demurrer filed.

THIS cause was heard in the Court below, at the March term,
1841, before the Hon. Stephen A. Douglass.

L. TRUMBULL, ROSS and WEAD, for the plaintiff in error.

E. D. BAKER and A. T. BLEDSOE, for the defendant in error.

BREESE, Justice, delivered the opinion of the Court:
This was a bill filed by Fisher against Stone, for a writ of *ne
exeat*, (which was allowed by the master in chancery of Fulton
county,) in which he set forth, in substance, that the defendant was
indebted to him in about the sum of $70; that he had sued him
before a justice of the peace, and recovered a judgment against him,
from which judgment the defendant had appealed to the Circuit
Court, and had executed a bond with one Hudson, as security.
That subsequently to taking the appeal, Hudson had become insol-
vent, and left the State; and that Stone, the defendant, threatened
to do the same, and was about to depart and remove into some
distant country, thus leaving the plaintiff without any security
whatever for his debt.   The bill then prayed that Stone might be
restrained from leaving the State, and be compelled to appear at
the next term of the Court, to answer the bill, &c.

The defendant was duly summoned, and gave bail for his ap-
pearance as required by the statute.   At the last March term of the
Court, a motion was made by the defendant, to dismiss the bill,

which was allowed, and an exception taken, and a writ of error prosecuted to this Court, where it is assigned for error,

*First.* That the bill ought not to have been dismissed on motion; and,

*Second.* That the Court erred in deciding that the bill did not present a case in which a writ of *ne exeat* could issue.

It has been decided by this Court, that a bill may be dismissed, on motion, where the Court is satisfied there is no equity in the bill. (1)

Where there is apparent equity, this course is not adopted, but the party is required to demur, plead, or answer.

As to the second error assigned, that is to be decided by reference to the " *Act regulating the issuing of writs of Ne Exeat and Injunction.*" (2)

The first section provides that writs of *ne exeat republica* may be granted as well in cases where the debt or demand is not actually due, but exists fairly and *bona fide* in expectancy, at the time of making application, as in cases where the demand is due; and it shall not be necessary to authorize the granting of such writ, that the applicant should show that his debt or demand is purely of an equitable character, and only cognizable before a court of equity. This statute differs from those on the same subject, in other States, inasmuch as the demand need not be of an equitable character. The bill shows a legal demand due, and facts sufficient to warrant the belief that the proceedings instituted, would not avail him, by reason of the insolvency and absconding of the security on his appeal bond, and a threatening to remove, by the principal himself. There is no allegation in the bill, that the debtor is about to remove his property, or that he is insolvent, and if this should be deemed essential, which we are inclined to think is, the question arises, should the Court, on motion, have dismissed the bill for that reason, that not being urged as an objection to the bill, in the Court below. The Court seem to have proceeded on the ground, that the case presented was not such a one as authorized the writ, for the reason that a judgment had been obtained against the debtor, an appeal taken, and bond with security given, not that the allegations in the bill were not sufficient. In 3 Pierre Williams, 312, the *ne exeat* was allowed where a defendant, after the verdict at law, and before judgment, was threatening to go beyond sea. Though this writ was afterwards discharged, it was on the ground, principally, that no bill was filed, and that such a writ ought not to be made use of where the demand is entirely at law, for then the plaintiff has bail, and he ought not to have double bail, both at law and in equity.

Since this time, however, it has become settled in the English Chancery, that though the plaintiff may sue at law for the balance

(1) Edwards *v.* Beaird, Breese 41.　　　　(2) R. L. 466; Gale's Stat. 509.

of an account, and hold the party to bail, yet as chancery holds a concurrent jurisdiction in matters of account, the plaintiff may have a writ of *ne exeat,* on a positive affidavit of a threat or purpose of going abroad, even though the defendant's general residence was abroad. (1)

In the Court of Chancery in New York, it was held in the case of G. and J. Porter *v.* Spencer, (2) that this writ may issue from the necessity of the case, when from the facts charged and sworn to, it appears that the remedy in the suit pending at law would be absolutely defeated, without the interposition of that Court.

There the defendant had been sued at law, and held to bail, and the allegations in the bill were, that the plaintiffs had brought an action at law against the defendant, on an account for clothing, and held him to bail, and the defendant had pleaded the general issue, merely for delay. That the defendant's father was special bail, and had sold all his property in the State, and was about to remove permanently from the State; that the defendant was also about to remove immediately with his father, without leaving any property behind.

The only perceptible difference between that case and the one now under consideration is, that in the bill filed in that case, there was an allegation which is wanting in the bill in this case, to wit, that the defendant was about to remove from the State, without leaving any property behind.

The Court, however, in deciding on the application for the writ, do not seem to lay any particular stress on this part, but place their decision upon the ground " of the immediate removal of the defendant and his bail."

We are inclined to think, however, that such an allegation should be made in the bill; and the question arises, as it is not made, should the Court, on motion, have dismissed the bill.

As before observed, it is only where it is manifest there is no equity whatever in the bill, that such motion is allowed; not where there is equity, but defectively set forth. In this case, the omission of the allegation of a removal of his property by the debtor, amounts, at most, but to a defective statement of his complaint, which upon demurrer being put in, the defect could be supplied by an amendment of the bill. We think, therefore, that the Court ought not to have dismissed the bill, and for this reason the judgment is reversed with costs, and the cause remanded to the Circuit Court for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

*Note.* See Duncan *et al. v.* State Bank *et al.,* 1 Scam. 262.

(1) 16 Vesey 470.                    (2) 2 Johns. Ch. R. 169.